STERN'S AUCTION EXCHANGE, Appellant, vs. FELDMAN

---

(Nov. 2, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 111.**

A purchaser of movable property who allows the vendor to remain in possession of the property sold loses his title as regards subsequent purchasers from the same vendor without notice of the prior sale.

2. **Louisiana Digest—Evidence—Par. 59.**

The burden of proof to show notice is upon the first purchaser.

3. **Louisiana Digest—Fraudulent Conveyances—Par. 43.**

The fact of relationship does not of itself constitute a badge of fraud.

Appeal from the Civil District Court, Hon. H. C. Cage, Judge.

Action by Stern's Auction Exchange against Benjamin Feldman.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Eugene Hayford, of New Orleans, attorney for plaintiff, appellant.

Arthur Landry, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J.     This is a suit for the recovery of furniture.

The plaintiff alleged that on October 5, 1923, E. Thebner sold to him from his store 630 St. Peter Street a lot of furniture described in the list annexed to the petition for the price of $260 payable $25 cash, and the balance after the sale of the furniture by plaintiff; that on October 7th, 8th and 9th plaintiff advertised said furniture for sale at auction on October 9th at 630 St. Peter Street; that on October 7th, Benjamin S. Feldman, uncle of defendant, well knowing that plaintiff had purchased said furniture, fraudulently arranged with said Thebner to remove said furniture from No. 630 St. Peter Street to the premises of his nephew, defendant herein, Benjamin Feldman, 731 St. Louis Street, who has refused to return the same to plaintiff; he prayed for a sequestration and for judgment condemning Benjamin Feldman to return said furniture to him.

The defendant filed an exception of no cause of action and a motion to dissolve the sequestration on the ground of the insufficiency of the affidavit.

On November 19, 1923, judgment was rendered dissolving the sequestration.

A new trial was refused. Plaintiff has appealed.

The defendant admitted that he was in possession of the furniture and that he had refused to turn it over to the plaintiff, but denied all the other allegations of the petition.

Further answering he alleged: "That he purchased the furniture in good faith for the sum of $345 from Benjamin S. Feldman, auctioneer, on October 8, 1923, and with no knowledge of any claim on same through a sale or otherwise by plaintiff herein".

This answer is certified by Benjamin S. Feldman. After a lenghty written opinion judgment was rendered in favor of defendant, Benjamin Feldman, dismissing plaintiff's suit.

Plaintiff has appealed.

The defendant is Benjamin S. Feldman, "nephew of Benjamin Feldman, or sometimes the one and at other times the other. They are both known as Benny Feldman"; each of them calls himself Benny Feldman, and each is known in the circles in which they move and in which they deal as "Benny Feldman". So said the trial judge.

The first question is, did Thebner sell to plaintiff (Stern); the second, did Thebner sell to Feldman; third, if both these questions are answered in the affirmative, was the sale by Thebner to plaintiff (Stern) known to Feldman and binding on him?

The trial judge found that Thebner did sell previously to Stern, and that he also subsequently sold to Feldman. But it was not proven to his satisfaction, that at the time he purchased, the defendant, Benjamin S. Feldman, had knowledge of the previous sale by Thebner to Stern.

In view of our conclusions upon the merits of the case it is unnecessary to review the judgment dismissing the sequestration.

The law of the case is laid down in Article C. C. 1922 (1916):

"With respect to movable effects, although, by the rule referred to in the last two preceding articles, the consent to transfer vests the ownership of the property in the obligee, yet this effect is strictly confined to the parties until actual delivery of the object. If the vendor, being in possession, should, by a second contract, transfer the ownership of the property to another person, who gets the possession before the first obligee, the last transferee is considered as the owner, provided the contract be made on his part bona fide, and without notice of the former contract."

C. C. 2247; C. N. 1141; C. C. 2247 (2243):

"Sales or exchanges of movable property are void against bona fide purchasers and creditors unless possession is given before such bona fide purchaser or creditor acquires his right by possess*on e+o "

"Traditionibus et usucapionibus, non Nudis pactis, dominia rerum transferuntur. L. 20 C. de Pactis. Code 1808, p. 346, Art. 4; Durnford vs. Syndics, 3 Martin O. S. 225; Brooklyn Cooperage Co. vs. Cora Planting & Mfg. Co., 137 La. 807, 69 South. 195; 6 La. Dig., S. 111, p. 540; 2 Kent., S. 521.

The evidence satisfies us, as it did the trial judge, that Thebner promised to sell to Stern for $260, and that Stern paid Thebner $25 to bind the sale promising to pay the balance after he had himself sold it at auction. He left Thebner in possession of the furniture which was never delivered to him, and made no further payments.

We are also satisfied that subsequently, tempted by a larger price, Thebner sold the same furniture to one of the Feldman for $320. Whether it was to Benjamin the uncle, or to Benjamin S. the nephew the present defendant, or to both is immaterial.

The material fact is that the furniture was subsequently sold to another, and by him taken in his possession.

We are also satisfied that one of the Feldmans paid for the furniture and took possession of it. The sole question in doubt is: Did the Feldman's buy "bona fide and without notice" of the former sale to Stern? The burden is upon the plaintiff to make that proof.

Benjamin and Benjamin S. Feldman, both swear that they had no knowledge of the prior sale by Therner to Stern. The only testimony to contradict them is that of the plaintiff and of his employee, they testify that on some date prior to Feldman's purchase one of the Feldmans held a communication by 'phone with Stern, in which sale by Thebner to Stern of this furniture was the subject of conversation. Both the Feldmans deny this. The veracity of the Feldmans is somewhat affected by the fact that the defendant swears that he paid $345 to his uncle "in cash" while the uncle testifies that it was "by check". Other differences also appear.

The Feldmans are also uncle and nephew. But the fact of relationship does not of itself constitute a badge of fraud. O. 9 M. 655; 1 N. S. 535; Maurin & Co. vs. Rouquer, 19 La. 600. But the burden of proof is upon the plaintiff to show notice.

He has not met it with any degree of certainty. The plaintiff will lose only $25 by a judgment against him, while the defendant will lose $345. The judgment of the trial court is not manifestly erroneous and it is therefore affirmed.